IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-475-KS

| | | |
|---|---|---|
| ERIC S. HUTCHISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Eric S. Hutchison (Plaintiff) filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for Disability Insurance Benefits (DIB). The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On July 12, 2018, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings, and remands the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and DIB on February 17, 2016, with an alleged onset date of August 26, 2015. (R. 10, 185–86.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 10, 94, 114, 131–32.) A hearing was held on March 3, 2017, before Administrative Law Judge (ALJ) Vanessa Lucas, who issued an unfavorable ruling on June 1, 2017. (R. 10, 24.) The Appeals Council denied Plaintiff's request for review on September 7, 2017. (R. 1.) Plaintiff seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I.    Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (first quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971); then quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro*

*v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II.   Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III.   ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since August 26, 2015, the alleged onset date. (R. 12.) Next, the ALJ determined Plaintiff had the following

severe impairments: "degenerative disc disease and degenerative joint disease of the cervical and lumbar spine, degenerative joint disease of the bilateral shoulders, degenerative joint disease of the right ankle, degenerative joint disease of the bilateral knees, obesity, bilateral carpal tunnel syndrome, and posttraumatic stress disorder (PTSD)." (*Id.*)

At step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13.) The ALJ specifically discussed Listing 1.02 (major joint dysfunction) and Listing 12.15 (trauma- and stressor-related disorders). (R. 13–14.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity (RFC) and found that Plaintiff had

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he requires a sit-stand option, defined as the ability to alternate between sitting and standing at least once every thirty minutes. In addition, he can no more than occasionally climb ramps or stairs and can never climb ladders, ropes, or scaffolds. He can no more than occasionally stoop or crouch and can never kneel or crawl. He is limited to work in a low-stress work setting, defined as simple, routine tasks, with no more than occasional, superficial contact with the public, and with no production-pace or quota work.

(R. 14.) In making this assessment, the ALJ found Plaintiff's statements about the severity of his symptoms "less than fully consistent" with the evidence in the record. (R. 16.) At step four, the ALJ concluded Plaintiff was unable to perform his past relevant work as an Aircraft Maintenance Technician, Aircraft Service Worker, and a composite between a Production Superintendent and an Aircraft Maintenance

Technician. (R. 22.) At step five, the ALJ identified Part Cleaner, Mail Sorter, and Order Caller as jobs with sufficient numbers in the national economy that Plaintiff could perform. (R. 23.)

## IV. Plaintiff's Argument

Plaintiff raises a single argument on review: the ALJ erred by failing to give substantial weight to a 100% disability rating from the Department of Veterans Affairs (VA), in violation of *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337 (4th Cir. 2012). The Commissioner contends the ALJ's decision correctly applied relevant law and regulations, is supported by substantial evidence, and most importantly, complied with *Bird*. For the reasons discussed below, the undersigned disagrees with the Commissioner and, therefore, orders remand.

In *Bird*, the Fourth Circuit held that "in making a disability determination, the [Commissioner] must give substantial weight to a VA disability rating" unless "the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Bird*, 699 F.3d at 343. Recently, the Fourth Circuit extended *Bird*'s rationale to state agency disability determinations in *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018). The *Woods* court expounded on what is meant by *Bird*'s requirement that the record "clearly demonstrate" that a deviation from another agency's disability determination is appropriate by holding that "an ALJ must give 'persuasive, specific, valid reasons for [deviating] that are supported by the record.'" *Id.* (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)).

Here, the ALJ provided two reasons for assigning only "partial weight" to the VA disability rating: (1) Plaintiff "continued performing work as an aircraft servicer at a very heavy exertional level until August 2015, which is inconsistent with the limitations implied in the VA disability rating" (R. 20 (citing R. 35–76 (transcript of ALJ hearing), 217 (Ex. 2E, p. 4), 270 (Ex. 13E))); and (2) the issue of disability is reserved to the Commissioner and the VA's disability standards are different from the Commissioner's (R. 20).

Preliminarily, the ALJ's second reason has been explicitly overruled by *Woods*, as it is "neither persuasive nor specific." *Woods*, 888 F.3d at 693 (citing *McCartey*, 298 F.3d at 1076).

Review of the only case-specific reason provided by the ALJ identifies several problems. First, the documents in the record cited by the ALJ do not explain the exertional requirements of Plaintiff's contract aircraft servicer job. (R. 217, 270.) That leaves only Plaintiff's testimony during the hearing before the ALJ as the evidence upon which the ALJ could have relied for her deviation from the VA disability rating. However, in the hearing, Plaintiff's testimony about the exertional requirements of the job was more ambiguous than the ALJ's opinion states. (*See* R. 42–43, 48–49.) For example, Plaintiff testified that he "didn't actually do the maintenance" on the aircraft, although he also said that he was required to refuel aircraft, which involved pulling a heavy fuel hose. (R. 48–49.) Moreover, even the Vocational Expert (VE)'s characterization of this job is unclear, as the VE described this job as "sedentary, heavy level." (R. 73.) Thus, the specific reasons provided by the ALJ are not

persuasive and do not clearly demonstrate that a deviation from the VA disability rating is justified.

This error is not harmless. As Plaintiff's counsel noted during oral argument, the distinction between an RFC at the light level with the restrictions imposed by the ALJ and an RFC at the sedentary level would likely be outcome-determinative as Plaintiff may be disabled pursuant to the Medical-Vocational Guidelines (the Grids) if he is assessed an RFC at the sedentary level. Moreover, this is not a situation where the VA disability rating was a bare, unexplained percentage. *Cf. Colon v. Berryhill*, No. 4:17-CV-53-FL(2), 2018 WL 1833010, at *4 (E.D.N.C. Mar. 23, 2018), *mem. & recommendation adopted by* 2018 WL 1832963 (Apr. 16, 2018). Lastly, the ALJ's assignment of "partial weight" to the VA disability rating was vague. *See Woods*, 888 F.3d at 695 (cautioning an ALJ who assigned a medical opinion "some weight" to provide a better explanation on remand). On an issue so important, and in light of relevant Fourth Circuit precedent, remand to the Commissioner is necessary.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #17] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #25] is DENIED, and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 13th day of August 2018.

KIMBERLY A. SWANK
United States Magistrate Judge